JOHNSON FISTEL, LLP
Frank J. Johnson, Esq. (SBN 174882)
FrankJ@johnsonfistel.com
Phong L. Tran, Esq. (SBN 204961)
PhongT@johnsonfistel.com
600 West Broadway, Suite 1540
San Diego, CA 92101
Telephone: (619) 230-0063
Facsimile: (619) 255-1856

Attorneys for Plaintiff Thomas T. Cook

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS T. COOK, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., a California Corporation; DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: **'17 CV 2579 BEN RBB**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br><br>1. **Violations of the Consumers Legal Remedies Act, Cal. Civ. Proc. Code § 1750,** *et seq.*<br><br>2. **Violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200,** *et seq.*<br><br>3. **Violation of California's False and Misleading Advertising Law, Cal. Bus. & Prof. Code § 17500,** *et seq.*<br><br>4. **Unjust Enrichment**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Thomas T. Cook ("Plaintiff") by and through their undersigned attorneys, bring this class action against Apple Inc. ("Defendant" or "Apple"), on behalf of themselves and a class of similarly situated persons (the "Class" or "Class Members"). Plaintiff alleges the following upon his own knowledge, or where there is no personal knowledge, upon the investigation of counsel and/or upon information and belief:

## INTRODUCTION

1.      Plaintiff brings this class action on behalf of himself and all others similarly situated who purchased or otherwise owned an iPhone 6 smartphone or other older model iPhone manufactured and sold by Apple. Plaintiff and other iPhone owners began experiencing significant slowdown and performance issues with their phones when Apple updated the operating software of the phones to iOS 10.2.1 earlier this year. Apple represented to the public that iOS 10.2.1 and subsequent iOS updates were fully compatible with, and intended for use in, iPhone 6 and other older iPhone models. Plaintiff and the other Class Members were effectively compelled to update their iPhones to iOS 10.2.1 because Apple claimed the update provided "bug fixes and improves the security" of their phones.

2.      However, after updating to iOS 10.2.1, Plaintiff and the other Class Members, without any warning or notice, were left with phones that operated in a sluggish manner and failed to perform at the normal, expected standard prior to the update. Indeed, after the iOS update, iPhone owners experienced problems and delays using mobile applications, or "Apps," on their phones, slowdowns in downloading data, battery drain, Wi-Fi and internet connectivity issues, and inadvertent shutdowns, among other concerns. Plaintiff and the other Class Members have therefore been harmed because they were forced to update their iPhones with operating software that degraded the performance and functionality

of their phones, leaving them with phones that were significantly impaired in value.

3. Very recently, as of December 20, 2017, Apple effectively confirmed that the iOS 10.2.1 update was responsible for slowing down and hindering the performance of the iPhone 6 and other older model iPhones. Apple claims the batteries used in iPhone 6 models were prone to causing unexpected shutdowns, and that the iOS 10.2.1 update was intended to prevent such shutdowns. To address the battery issues purportedly affecting iPhone 6 models, Apple used the iOS 10.2.1 update to "throttle," or slow down, the processor speeds of those phones. Thus, as part of this purported "fix," Apple **intentionally** caused the slowdown and impairment of its iPhone 6 and older model iPhones, to the detriment of Plaintiff and other Class Members.

4. Notably, Apple did not disclose to the public at the time of the iOS 10.2.1 update that it would be throttling the processor speeds of the iPhone 6 and other older model iPhones. Nor did Apple disclose at the time of the iOS update that there were any issues surrounding the batteries in those iPhones.

5. A simple and easy fix of the purported shutdown problem would have been to provide notice to iPhone users and offer to replace the batteries in the iPhone 6 and other older-model phones. Apple, however, has never offered its customers the option of replacing the batteries in those phones. As a result, owners of the iPhone 6 and other older iPhone models have been stuck with inferior, poorly-performing phones, or worse yet, feel compelled to spend hundreds of dollars more to upgrade a newer model iPhone.

6. Based on the misconduct alleged herein, Plaintiff alleges violations of California's Consumers Legal Remedies Act, Cal. Civ. Proc. Code § 1750, *et seq*.; violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*.; violations of California's False and Misleading Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq*.; and unjust enrichment. Plaintiff

seeks, on behalf of himself and all Class Members nationwide, monetary damages, restitution, injunctive relief, and all other relief deemed appropriate, arising out of such misconduct.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as modified by the Class Action Fairness Act of 2005, because at least one member of the Class is a citizen of a different state than Defendant, there are more than 100 members in the Class, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs.

8.     Venue properly lies in this District pursuant to 28 U.S.C. § 1391(a), because Plaintiff resides here, and Defendant has transacted substantial business within the meaning of 28 U.S.C. § 1391(a), as defined in 28 U.S.C. § 1391(c), and because a substantial part of the events giving rise to the claims alleged herein occurred in the Southern District of California.  Specifically, Defendant marketed and sold numerous iPhones throughout this District, maintained retail outlets in this District; and Plaintiff, as well as other members of the Class, purchased Defendant's iPhones from retail outlets located within this District.

## PARTY ALLEGATIONS

9.     Plaintiff Thomas T. Cook resides in San Diego County, California. Plaintiff Cook purchased and owns an iPhone 6.

10.     Defendant Apple Inc. is a California corporation with its principal executive offices at 1 Infinite Loop, Cupertino, California 95104.

## SUBSTANTIVE ALLEGATIONS

11.     In or around October 2014, Plaintiff purchased a new iPhone 6 (64 GB) from Verizon Wireless.

12.     Prior to updating to iOS 10.2.1, Plaintiff's iPhone operated with normal functionality and at normal processing speeds.

CLASS ACTION COMPLAINT

13.    On or about December 12, 2016, Apple released iOS 10.2, which, at that time, was intended as the operating system software update for iPhones, including the iPhone 6 and other older iPhone models.  The Software Update provided by Apple to Plaintiff and the other Class Members described the iOS 10.2 update as follows:

> iOS 10.2 introduces new features including the TV app (US only), a new and unified and experience for accessing your TV shows and movies across multiple video apps. Emoji have been beautifully redesigned to reveal even more detail and over 100 new emoji have been added including new faces, food, animals, sports and professions. This update also includes stability improvements and bug fixes.

14.    Just over a month later, on or about January 23, 2017, Apple released iOS 10.2.1, which was presented to the public as a "minor update" to iOS 10.2.[1] Apple provided a cursory description of the Software Update for iOS 10.2.1, stating only that it "includes bug fixes and improves the security of your iPhone or iPad."  Further information about the security content of iOS 10.2.1 was provided on Apple's website, which indicated that iOS 10.2.1 was intended for use by, and compatible with, "iPhone 5 and later [iPhone models]," including all iPhone 6 models.[2]

15.    In connection with the release of its iOS 10.2.1 update, Apple provided no warning or notice to the public that the update would cause certain iPhone models, including iPhone 6 models, to operate significantly slower and would otherwise degrade the overall performance, functionality, and usability of those phones.  As discussed below, Apple was well aware at the time that the iOS 10.2.1 update would cause adverse-performance issues with the iPhone 6 and other older model iPhones.  Apple, in fact, introduced the iOS 10.2.1 update with

---

[1] *See* "Apple iOS 10.2.1 Is Now Available: What Is Included In The Update?" https://www.forbes.com/sites/amitchowdhry/2017/01/23/apple-ios-10-2-1-is-now-available-what-is-included-in-the-update/#163173fd488f.

[2] *See* https://support.apple.com/en-us/HT207482.

CLASS ACTION COMPLAINT

the specific intention and plan to "throttle" or slow down the processing speeds of the iPhone 6 and other older model phones.

16.    Notably, Apple has long marketed and advertised its iPhones, including the iPhone 6 and other older model iPhones, as being fully compatible and working well with future iOS updates.  For example, as part of its major nationwide advertising campaign—"Why There's Nothing Quite like iPhone"—Apple assured iPhone users (including those with iPhone 6 and other older model iPhones) that they had nothing to worry about when the iOS was updated, and that their phones would continue to work "ridiculously well."  Indeed, Apple touted the long-term, future compatibility of its iPhone models by stating:

> It should have hardware and software that were designed to work with each other.  And enhance each other.  By people who frequently see each other.  That's how you make a phone work ridiculously well.
>
> And whenever there are shiny, new software updates with shiny, new features, you should be able to sit back, relax, and know your phone will get them.  And be compatible with them.  For years.  For free.

17.    Plaintiff and the Class Members were subjected to the same false, misleading, and deceptive statements made by Apple in promoting the use of its iOS 10.2.1 software update.  Plaintiff and the Class Members relied on Apple's false, misleading, and deceptive statements (including omissions) in updating to iOS 10.2.1 with the fair and reasonable expectation of receiving equal or better performance and/or new features and functionality.

18.    With no prior warning from Apple concerning the adverse nature of iOS 10.2.1, Plaintiff unwittingly updated the operating software of his iPhone 6 to iOS 10.2.1, and later, to subsequent versions of iOS that had the same problems as iOS 10.2.1.

19.    Immediately after updating to iOS 10.2.1, Plaintiff's iPhone became significantly impaired and failed to function normally.  Indeed, the update caused the operation and performance of Plaintiff's iPhone to slow down dramatically.

For example, Plaintiff and other iPhones users experienced slower App launches, slower web browsing and downloading of data, delayed touchscreen interaction, and other performance issues, including crashes, freezes, battery drain, Wi-Fi and internet connectivity issues, and home screen failure.

20.    As a result of the iOS 10.2.1 update, the overall operations and functionality of Plaintiff's iPhone was severely slowed down and degraded, including core functions concerning the usage of the phone itself, emails, text messaging, and App usage.  Plaintiff was therefore left with a phone that was severely impaired in value and had compromised functionality.

21.    Many other iPhone users have observed and reported their phones becoming slow and impaired after updating to iOS 10.2.1.  For example, on Apple's own "Support Communities Forum," an iPhone 6 user with the username "stobloo" reported the following:

> Q:    iOS 10.2.1 iPhone 6 Plus - Very Slow
>
> Since installing the iOS 10.2.1 update on my iPhone 6 Plus the overall performance has become nearly unusable.
>
> It constantly plays catch up when typing anything whether it is an internet search, e-mail content or anything else. It feels like something has a big memory leak and it's operating with any available memory and struggling massively.
>
> I have done all the 'usual' disabling of certain transparency effects and background app refresh, forced reset, reboot; all to no avail.
>
> I don't consider restoring it to factory settings an avenue to take as a test as I cannot lose my text messages.
>
> The only thing that's changed is the iOS update. Is anyone else having problems?
>
> *iPhone 6 Plus, iOS 10.2.1*
>
> Posted on Mar 2, 2017 8:15 AM

*See* https://discussions.apple.com/thread/7879711.

CLASS ACTION COMPLAINT

22.    As of December 26, 2017, 559 other users on Apple's Support Communities Forum indicated they had the same concerns raised by "stobloo" about the update.

23.    Another user on Apple' Support Communities Forum, known as "epurschke," reported similar slowdown and performance problems after updating to iOS 10.2.1, as follows:

> Q:    iPhone 6 running slow, won't download or update apps, storage is wrong
>
> I noticed the other day that my phone was starting to act slow in response and download. I checked my usage and I was full. I deleted all (15GB) of my music since I don't use it. It worked for the rest of the day. Today it did the same thing, the only issue is my music is not showing up in storage but the 15GB are back for some reason.
>
> I've been trying to back up my phone since that first day and it will start for about 3 minutes then it will say the phone is disconnected.
>
> I'm doing everything I can without restoring the phone to factory settings, but I'm running out of ideas.
>
> *iPhone 6, iOS 10.2.1*
>
> Posted on Mar 8, 2017 12:13 PM

*See* https://discussions.apple.com/thread/7885326.

24.    As of December 26, 2017, 210 other users on Apple's Support Communities Forum indicated they had the same concerns raised by "epurschke" about the update.

25.    Other iPhone users have made similar complaints about the iOS 10.2.1 update on the iPhone Reddit forum.[3] For example, Reddit user "Naxolyte" complained that "iOS 10.2.1 made my iPhone SE noticeably slower." Another Reddit user, "ArchiveSQ," echoed the sentiment, noting: "I was wondering about this. Mine is noticeably slower too." And, Reddit user "httr_barbarian" remarked in the same thread: "installed 10.2.1 onto my iPhone5, and now my

---

[3] https://www.reddit.com/r/iphone/comments/5qu6ek/ios_1021_made_my_iphone_se_noticeably_slower/#bottom-comments

CLASS ACTION COMPLAINT

battery drains before lunch time.  [S]erious noticeable difference in battery life, since updating to 10.2.1[,] considering reverting back to ios9.  [T]his sucks."

26.    The slowdown and performance issues related to the iOS 10.2.1 update have also been widely documented by the media.  In a *Forbes* article entitled, "*Why Every iPhone Contains a Nasty Surprise*," tech journalist Gordon Kelly wrote that in connection with the iOS 10.2.1 update, Apple "deliberately slows older iPhones."[4]   In another article in *Newsweek* entitled "*The Apple iPhone Slow Down is Real – Here's Why*," tech journalist Dana Dovey reported that an analysis of iPhone data revealed that "iPhones perform worse with newer iOS updates…"[5]   According to the *Newsweek* article, "[r]esults showed that the iPhone 6S running on iOS 10.2 performed fine, but when the same phones were upgraded to the iOS 10.2.1 in January 2017, they began to gradually perform worse.  The same downward performance trend was seen on iPhone 6S running iOS 11.2, an update released in December 2017."  Lastly, in a *Wired* article entitled "*Apple Had Way Better Options Than Slowing Down Your iPhone*," tech journalist Jordan McMahon noted that "Apple confirmed what many customers have long suspected: The company has been slowing the performance of older iPhones."

27.    Compounding the problems surrounding the iOS 10.2.1 update, Apple actively prevents iPhone users from reverting back to older operating software to avoid the problems in newer iOS updates.  In a *Forbes* article entitled, "*Apple iOS 10.2.1 Suddenly Becomes A Bigger Problem*," tech journalist Gordon Kelly explained: "Apple has decided to do what it normally does shortly after an iOS release: it has stopped signing the previous version.  This means any user running the new iOS 10.2.1 upgrade cannot go back to iOS 10.2 because the

---

[4] https://www.forbes.com/sites/gordonkelly/2017/12/21/apple-iphone-battery-life-slow-iphone-performance-ios11-battery/#15effc4a674b

[5] http://www.newsweek.com/why-do-old-iphones-slow-down-new-report-solves-mystery-752874

CLASS ACTION COMPLAINT

checks (sign off) devices require before installing an update will be told by Apple servers it is invalid." Because of this onerous policy by Apple, Plaintiff and the Class Members have effectively been denied the option of reverting back to using a less problematic, better performing version of iOS.

28.    Incredibly, Apple itself confirmed that iOS 10.2.1 and subsequent iOS updates were, in fact, ***intended*** to slow down and hinder the performance of the iPhone 6 and other older model iPhones. Apple revealed this information after John Poole, founder of Primate Labs and developer at Geekbench, published a blog post on December 18, 2017, documenting his in-depth examination of iPhone 6 and 7 devices that were using different versions of iOS. As part of his analysis, Poole compiled data from the performance tests of thousands of iPhones and specifically looked at phones running iOS 10.2 and iOS 10.2.1.

29.    Poole's analysis revealed that iPhone 6 models were, in fact, suffering from widespread slowdown after updating to iOS 10.2.1, and that "users will experience reduced performance without notification" from such updates. According to Poole, the slowdown in iPhone 6 performance from the iOS update was intentional and planned, as "Apple introduced CPU slow-down" to address a battery performance issue that Apple claimed was affecting older model iPhones. Poole further remarked on the confusing and deceptive nature of the upgrade, stating it "will also cause users to think, 'my phone is slow so I should replace it' not, 'my phone is slow so I should replace its battery.'"

30.    Rather than deny Poole's analysis, Apple basically confirmed his findings and acknowledged that the slowdown in iPhone 6 performance was caused by the iOS 10.2.1 software update. In a public statement released by Apple, on or about December 20, 2017, Apple claimed the batteries in iPhone 6 models were prone to causing unexpected shutdowns, and that the iOS 10.2.1 update was ostensibly intended to prevent such shutdowns. To address the battery issues that were purportedly affecting iPhone 6 models, Apple used the

iOS 10.2.1 update to "throttle," or slow down, the processor speeds of those phones.  Apple therefore admitted that it was intentionally slowing down and hindering the performance of iPhone 6 models as part of this purported fix.

31.    Apple did not disclose to iPhone 6 owners at the time of the iOS 10.2.1 update that it would be throttling the processor speeds of those phones. Nor did Apple disclose at the time that there were any issues with the battery in iPhone 6 models.

32.    A simple and easy fix to the purported shutdown problem would have been to provide notice to iPhone users and offer to replace the batteries in iPhone 6 models.  Apple, however, has never offered its customers the option of replacing the batteries in those phones.  As a result, iPhone 6 owners (like Plaintiff) are stuck with inferior, poorly performing phones, or worse yet, feel compelled to spend hundreds of dollars more to upgrade to a newer model iPhone.

33.    As a result of Apple's deceptive practices and wrongful conduct described above, Plaintiff and other Class Members were harmed by losing the normal use of their iPhone 6, or other older model iPhones, and/or being forced to purchase a new smartphone.  Indeed, through its conduct, Apple has compelled many iPhone owners to "upgrade" to a newer iPhone model by leaving them with the impression that their current phones are not working correctly, or are obsolete, when in fact, it is Apple's own software updates that are causing the adverse performance issues.  Apple, therefore, stands to benefit financially when older iPhones are slowed down or otherwise degraded by its iOS updates, and owners are forced to purchase a new phone.

## CLASS ALLEGATIONS

34.    Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), individually, and as a class action on behalf of all individuals in the United States who currently own, or owned, an iPhone smartphone that was

introduced prior to 2017 (including the following models: iPhone 7, iPhone 7 Plus, iPhone 6, iPhone 6 Plus, iPhone 6s, iPhone 6s Plus, iPhone SE, iPhone 5s, iPhone 5c, and iPhone 5), and which was updated to iOS 10.2.1 (hereinafter referred to as "Older iPhones").

35.     Specifically excluded from the proposed Class are: Defendant and its officers, directors, agents, trustees, parents, corporations, trusts, representatives, employees, principals, partners, joint ventures, and entities controlled by Defendant, Defendant's heirs, successors, assigns, or other persons or entities related to, or affiliated with, Defendant, the Judge(s) assigned to this action, and any member of their immediate families.

36.     Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment, amended complaint, or at class certification proceedings.

37.     Numerosity. There are reportedly tens of millions of iPhone users nationwide, and therefore the members of the Class are so numerous that joinder of all individual members is impracticable.  The exact number and identities of the Class Members are unknown to Plaintiff at this time, but can be ascertained through appropriate discovery, including Defendant' own records.

38.     Commonality and Predominance. There are questions of law and fact, of common and general interest that exist, as to Plaintiff and all Class Members, and predominate over any questions solely affecting individual Class Members.  These questions include, *inter alia*:

> a.     whether Defendant released and implemented iOS updates, including iOS 10.2.1, that slowed or otherwise impaired the performance of Older iPhones;

11

b.      whether Defendant falsely represented that its iOS updates, including iOS 10.2.1, were compatible with, and intended for use in, Older iPhones;

c.      whether Defendant failed to disclose that its iOS updates, including iOS 10.2.1, caused the slowdown or impairment in performance of Older iPhones;

d.      whether Defendant concealed problems concerning the batteries used in Older iPhones;

e.      whether Defendant violated the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Proc. Code § 1750, *et seq.*;

f.      whether Defendant violated the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*;

g.      whether Defendants violated the False and Misleading Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.*;

h.      whether Defendant's actions proximately caused damages to Plaintiff and the Class Members;

i.      what the measure of damages suffered by Plaintiff and the Class is; and

j.      whether Defendant was unjustly enriched by the conduct complained herein.

39.   Typicality.  The claims asserted by Plaintiff are typical of all other Class Members.  Plaintiff's claims present class-wide legal and factual issues that arise out of the same course of deceptive conduct by Defendant.  Plaintiff, like all other Class Members, was harmed by Defendant's deceptive and misleading statements, and its conduct in forcing iPhone users to update to an iOS that adversely affected the functionality of their phones.  All Class Members, including Plaintiff, sustained similar economic damages arising out of Defendant' alleged common course of conduct.

12

40.     Adequacy.  Plaintiff will fairly and adequately protect the interests of the Class Members and has no interests antagonistic to those of the Class Members.  Plaintiff has retained counsel experienced in the prosecution and successful settlement of nationwide and statewide class actions.

41.     Superiority (pursuant to Rule 23(b)(3)).  A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by individual Class Members are relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Defendant.  It would thus be virtually impossible for Class Members, on an individual basis, to obtain effective redress for the wrongs done to them.  Furthermore, even if Class Members could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

42.     In the alternative, the Class may also be certified under Fed. R. Civ. P. 23(b)(2) because:

a.     the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudication, with respect to individual Class Members, which would establish incompatible standards of conduct for Defendant;

b.     the prosecution of separate actions by individual Class Members would create a risk of adjudications, with respect to them, that would, as a practical matter, be dispositive of the interests of other Class

CLASS ACTION COMPLAINT

Members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

      c.     Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

43.     Defendant has acted on grounds generally applicable to the entire Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to Class Members as a whole.

**COUNT I**

**Violations of The Consumers Legal Remedies Act,**
**Cal. Civ. Code §1 750, *et seq.***
**(On Behalf of Plaintiff and All Class Members)**

44.     Plaintiff incorporates the above allegations by reference as if fully set forth herein.

45.     This Count is brought pursuant to the Consumers Legal Remedies Act, or CLRA. Plaintiff and the other Class Members are consumers as defined by Cal. Civ. Proc. Code § 1761(d). Their purchases of Older iPhones constitute transactions for the sale of "goods" within the meaning of Cal. Civ. Proc. Code §§ 1770(a) and 1761.

46.     Defendant, through its agents, employees, and/or subsidiaries, violated the CLRA by engaging in the following practices, proscribed by Cal. Civ. Proc. Code § 1770(a), in transactions that were intended to result in, and did result in, the sale of the product in the State of California:

      a.     representing Older iPhones as having characteristics, uses, and benefits, which they did not in fact have;

      b.     representing Older iPhones as being of a particular standard, quality, or grade, which in fact, they were not;

      c.     advertising Older iPhones with the intent not to sell them as advertised;

CLASS ACTION COMPLAINT

d.      representing that transactions involving the sale and purchase of Older iPhones conferred or involved certain rights and obligations, when such transaction did not; and

e.      representing Older iPhones as having been supplied in accordance with previous representations when in fact, they were not.

47.    Defendant knew, or should have known, that their representations and advertisements regarding the Older iPhones were false and misleading.

48.    Defendant' conduct is malicious, fraudulent, and wanton, and provided misleading information to Plaintiff, the Class, and the general public.

49.    By reason of the foregoing, Plaintiff and Class Members have been irreparably harmed, entitling them to both injunctive relief and restitution.  Thus, pursuant to Cal. Civ. Proc. Code § 1782(d), Plaintiff seeks a Court order enjoining the above-described wrongful acts and practices of Defendant and for restitution and disgorgement.

50.    Pursuant to § 1782 of the CLRA, Plaintiff has notified Defendant, in writing, of the particular violations of § 1770 of the Act and demanded that Defendant rectify the actions described above by providing complete monetary relief, agreeing to be bound by their legal obligations and to give notice to all affected customers of their intent to do so.  Plaintiff sent this notice by certified mail, return receipt requested, to Defendant's principal place of business.

51.    Unless Defendant agrees to rectify the problems associated with the actions detailed above or give notice to all affected consumers within 30 days of the date of written notice pursuant to Cal. Civ. Proc. Code § 1782, Plaintiff will amend this Complaint to seek an order awarding actual damages.

52.    As a proximate result of Defendant's deceptive acts, Plaintiff and the public, including the Class, have been damaged.

53.    Plaintiff also seek injunctive relief for the violation of the CLRA.

54.    Plaintiff further seeks attorneys' fees and costs as allowed by law.

CLASS ACTION COMPLAINT

**COUNT II**

**Violations of California's Unfair Competition Law,**
**Cal. Bus. & Prof. Code § 17200, *et seq.***
**(On Behalf of Plaintiff and All Class Members)**

55.    Plaintiff incorporates by reference and realleges each and every paragraph above as though fully alleged herein.

56.    The UCL prohibits any "unlawful . . . business act or practice." Defendants, through their agents, employees, and/or subsidiaries, violated the UCL's prohibition against engaging in unlawful acts and practices by, *inter alia*: (a) engaging in fraudulent and deceitful conduct in violation of Cal. Civ. Proc. Code §§ 1709 through 1711; and (b) engaging in practices that resulted in transactions that violated the CLRA, as described above.

57.    Plaintiff reserves the right to allege other violations of law, which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

58.    The UCL also prohibits any "unfair or fraudulent business act or practice." As described herein, Defendant engaged in unfair business acts and practices by: (i) mischaracterizing the adverse nature of iOS 10.2.1 and subsequent operating system updates, and failing to disclose that such updates were detrimental to the performance of Older iPhones; (ii) falsely representing that iOS 10.2.1 and subsequent operating system updates were fully compatible with, and intended for use in, Older iPhones; (iii) forcing Plaintiff and other Class Members to "update" their Older iPhones to iOS 10.2.1, and prohibiting them from using previous versions of the iOS that performed better and did not degrade their phones; (iv) intentionally throttling or slowing down the performance of Older iPhones by requiring the use iOS 10.2.1 and other software updates; and (v) concealing the existence of battery problems in Older iPhones.

59.    Defendant's acts, omissions, misrepresentations, practices, and non-disclosures alleged herein constitute "unfair" business acts and practices within

16

the meaning of the UCL in that Defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious, and the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

60. Defendant's claims, non-disclosures, and misleading statements, as more fully set forth above, were false, misleading, and/or likely to deceive the consuming public within the meaning of the UCL. Defendant's conduct has caused, and continues to cause, substantial injury to Plaintiff and other Class Members. Plaintiff has suffered injury-in-fact and has lost money as a result of Defendants' unlawful and unfair conduct.

61. Plaintiff is informed and believes, and on that basis alleges, that the unlawful and unfair practices alleged herein are continuing in nature and are widespread practices engaged in and perpetrated by Defendants. Plaintiff reserves the right to allege other unlawful or unfair business acts or practices.

62. Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiff and the Class Members are entitled to an Order that requires Defendant to, *inter alia*:

a. and desist the unlawful and unfair acts alleged herein;

b. repair or modify the iOS in a manner that returns full processing speed and complete functionality to Older iPhones;

c. implement a robust marketing campaign to fully inform the public that Defendant's iOS updates are slowing down and impairing the performance and functionality of Older iPhones;

d. provide owners of Older iPhones with new, fully-functioning batteries free of charge;

e. provide full restitution of all moneys paid to Defendant for the Older iPhones, or other amounts that were wrongfully acquired,

obtained, and collected from Plaintiff and the Class Members in connection with such phones;

     f.    pay pre-judgment interest at the highest rate allowable by law; and

     g.    pay attorneys' fees and costs incurred by counsel for Plaintiff and the Class, pursuant to, inter alia, Cal. Civ. Proc. Code § 1021.5.

## COUNT III

**Violation of California's False and Misleading Advertising Law,
Cal. Bus. & Prof. Code § 17500, *et seq.*
(On Behalf of Plaintiff and All Class Members)**

63.    Plaintiff incorporated the above allegations by reference as if fully set forth herein.

64.    Defendants' acts and practices, as described herein, have deceived and/or are likely to continue to deceive Class Members and the public. Defendants falsely advertised that iOS 10.2.1 and other subsequent iOS updates were fully compatible, and intended for use, with Older iPhones, and that such updates would not impair the operations or functionality of those phones. Also, in the alternative, Defendant falsely advertised that Older iPhones would not be impaired, or otherwise adversely impacted by, subsequent iOS updates, including iOS 10.2.1.

65.    By their actions, Defendant disseminated uniform advertising concerning its iOS updates and impact of such updates on Older iPhones that, by their very nature, are unfair, deceptive, untrue, or misleading within the meaning of Cal. Bus. & Prof. Code § 17500, *et seq.* Such advertisements were likely to deceive the consuming public for the reasons detailed herein.

66.    The above-described false, misleading, and deceptive advertising Defendants disseminated continues to have a likelihood to deceive in that Defendants failed to disclose the true, adverse nature of iOS 10.2.1 and other iOS updates, and their detrimental impact on the performance of Older iPhones.

Defendants failed to instigate a public information campaign to alert consumers of the adverse nature of iOS 10.2.1 and other iOS updates, and their detrimental impact on the performance of Older iPhones.

67.    In making and disseminating the statements alleged herein, Defendant knew, or should have known, their advertisements were untrue and misleading in violation of Cal. Bus. & Prof. Code § 17500, *et seq*.  Plaintiff and the other Class Members based their decisions to purchase Older iPhones in substantial part on Defendants' omitted material facts.  The revenues to Defendant attributable to products sold in those false and misleading advertisements amount to hundreds of millions of dollars.  Plaintiff and the Class were injured in fact and lost money or property as a result.

68.    The misrepresentations and non-disclosures by Defendant of the material facts detailed above constitute false and misleading advertising and, therefore, constitutes a violation of Cal. Bus. & Prof. Code § 17500, *et seq*.

69.    As a result of Defendants' wrongful conduct, Plaintiff and the Class lost money.  Plaintiff and the Class are therefore entitled to restitution as appropriate for this Cause of Action.

## COUNT IV

### Unjust Enrichment
### (On Behalf of Plaintiff and All Class Members)

70.    Plaintiff incorporates by reference and realleges each and every paragraph above as though fully alleged herein.

71.    As a direct, proximate, and foreseeable result of Defendants' acts and otherwise wrongful conduct, Plaintiff and Class Members suffered damages. Defendants profited and benefitted from the unjust sale of Older iPhones, which caused Plaintiff and Class Members to incur losses and damages.

72.    Defendants have voluntarily accepted and retained these profits and benefits, derived from their customers, including Plaintiff and Class Members,

CLASS ACTION COMPLAINT

with full knowledge and awareness that retention of such profits and benefits is wrong and unlawful.

73.     By virtue of the conscious wrongdoing alleged in this Complaint, Defendants have been unjustly enriched at the expense of Plaintiff and Class Members, who are entitled to, and hereby seek, the disgorgement and restitution of Defendants' wrongful profits, revenue, and benefits, to the extent and in the amount, deemed appropriate by the Court, and such other relief as the Court deems just and proper to remedy Defendants' unjust enrichment.

74.     Unless successful on the preceding counts of this Complaint, Plaintiff and the Class have no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for relief and judgment against Defendants as follows:

A.     for an order certifying the Class under the appropriate provisions of Fed. R. Civ. P. 23, as well as any appropriate subclasses, and appointing Plaintiff and his legal counsel to represent the Class as Class Counsel;

B.     awarding actual, compensatory, and consequential damages;

C.     awarding punitive and treble damages, as provided under relevant laws;

D.     awarding reimbursement, restitution, and disgorgement from Defendants of the benefits unjustly conferred by Plaintiff and the Class;

E.     awarding injunctive relief as appropriate;

F.     awarding declaratory relief;

G.     for pre- and post-judgment interest to the Class, at the highest rate allowed by law;

H.     awarding costs, including experts' fees and attorneys' fees and expenses, and the costs of prosecuting this action; and

CLASS ACTION COMPLAINT

I.    granting such other and further relief as is just and proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury on all issues triable by a jury.

Dated: December 27, 2017    JOHNSON FISTEL, LLP
FRANK J. JOHNSON
PHONG L. TRAN

By: *s/Phong L. Tran*
PHONG L. TRAN

600 West Broadway, Suite 1540
San Diego, CA 92101
Telephone: (619) 230-0063
Facsimile: (619) 255-1856
FrankJ@johnsonfistel.com
PhongT@johnsonfistel.com

Attorneys for Plaintiff Thomas T. Cook

21

CLASS ACTION COMPLAINT